IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Parenting and Support of | No. 88307-1-I |
| D.N. | DIVISION ONE |
| | UNPUBLISHED OPINION |
| PRISCIAN REYES REY, | |
| Respondent, | |
| and | |
| QUINCY LOUIS NEWSOM, | |
| Appellant. | |

HAZELRIGG, C.J. — Quincy Newsom appeals the trial court's determination that he did not show adequate cause for a hearing on his petition for a major modification of a parenting plan. Because Newsom does not establish that the court abused its discretion, we affirm.

FACTS

Priscian Rey[1] and Quincy Newsom are the parents of D, who was four years old when the court entered the first residential schedule in 2013. The initial schedule established equal residential time for the parents. In 2017, the court entered a new parenting plan, again with approximately equal residential time.

---

[1] We refer to the respondent in the same manner by which she self-identified in pleadings filed in the trial court.

When D was 10 years old, Rey petitioned for a major change to the parenting plan based on allegations that Newsom had intentionally abandoned the child for an extended period of time and neglected his parenting duties. The court granted an order for default after Newsom failed to file a response to the petition.[2] The new parenting plan, entered in July 2019, established Rey as the parent with whom D would reside and awarded her sole decision-making authority. Newsom was granted five hours of visitation with D every other Saturday.

In December 2024, Newsom petitioned for a major change to the parenting plan and alleged that D's living situation was harmful to his physical, mental, or emotional health. According to Newsom, Rey "insists on home-schooling and no high school sports teams, child is opposed to this (age 15) and does not want to live with the mother anymore and he is extremely emotionally distressed." Newsom also stated that Rey had "been alienating the child from [Newsom] by limiting contact to only a couple of hours every other week and canceling whenever she wants because she got the last [parenting plan] modification by default and this [wa]s definitely not in the child's best interest." The proposed modified parenting plan awarded all decision-making authority and the majority of residential time to Newsom, allowing Rey to have residential time on Wednesdays and every other weekend.

To establish adequate cause for a hearing on the requested modification, Newsom submitted his own declaration along with those of two friends. Newsom stated that D "clearly has expressed that he wants to be in public high school and

---

[2] Newsom filed a motion to vacate the 2019 order of default and parenting plan under CR 60. That motion was not before the court and is not at issue in this appeal.

on the high school football team," and "[h]e wants to come live with [Newsom] because he wants his father and he knows [Newsome] will support him in high school and sports." According to Newsom, D "has explained to [him] that homeschooling is like a solitary prison with no friends and interactions except [Rey]" and "has said he really wants someone to get him out of her system so that he could be with [Newsom]." (Boldface omitted.) Similarly, a supporting declaration from Newsom's friend, Deandre Robinson, stated that D had "expressed feelings of depression due to the limited time he spends with his father" and "wanted to be back in public high school, citing the availability of assistance and tutoring from his guidance counselor." A declaration from Amor Poland, another friend of Newsom, reported that D said homeschooling "was not his favorite, as he had to spend a lot of time on the computer."

In response, Rey filed declarations that countered that D had an active and healthy social life and his academic performance had improved with online school. She stated D had not expressed a desire to return to public school or football and explained that he was "injured playing football and no longer wanted to play" and "was very uncomfortable with how obsessive and aggressive [Newsom] became about football, which contributed to him not wanting to be part of a football team again." Rey also submitted supporting declarations from family members. Her sister, D's aunt, stated that D enjoyed online school and extracurricular activities and had no interest in playing football or returning to public school to play on a team. Rey's cousin stated that D "never mentioned wanting to live with his dad"

and "thrives in an online school environment because there are no distractions, negative influences, or peer pressure."

A commissioner considered the affidavits and arguments[3] of the parties and determined that Newsom failed to establish adequate cause for a major modification of the parenting plan. The commissioner noted the following:

> The court does not find that the evidence supports a finding of adequate cause on a major modification. Specifically, under RCW 26.09.260(1) the court does not find a substantial change in circumstances of the Mother (the nonmoving party). Nor does the court find a substantial change in circumstances of the child (the child getting older is not a substantial change in circumstances unknown to the court when the current Final Parenting Plan was entered). The court does not find that child's statements to third parties or the Father to be admissible evidence as these statements are inadmissible hearsay. Based on the admissible evidence including the child's report cards and statements of the child's football coach, the court does not find that there has been a substantial change in circumstances of the child. The court also does not find that the evidence supports that the child's current environment with the Mother is detrimental to his physical, mental, or emotional health.

Newsom filed a motion for revision that was denied without additional analysis.

Newsom timely appealed. Rey did not file a response brief.

ANALYSIS

Newsom challenges the determination that he failed to show adequate cause for a major modification. Because he appeals from a decision on revision, we review the decision of the superior court rather than the commissioner. *In re Vulnerable Adult Pet. for Winter*, 12 Wn. App. 2d 815, 829, 460 P.3d 667 (2020).

---

[3] Prior to the hearing, Newsom filed a motion for leave to amend the petition to include a minor modification as an alternative to the major modification of the parenting plan he originally sought. During the hearing, Rey stated she had not been properly served with the amended petition. Newsom agreed to move forward with the hearing as to only the major modification.

Newsom sought modification of the 2019 parenting plan under RCW 26.09.260(2)(c) that allows for modification when the "child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." In addition to a detrimental present environment, in order to obtain the relief he sought, Newsom carried the burden to establish, based on facts that have arisen since the prior plan or were unknown to the court at the time of the prior plan, "that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child." RCW 26.09.260(1).

However, before he was entitled to a full hearing on modification, Newsom was required to demonstrate "adequate cause" to modify the permanent parenting plan. *See Bower v. Reich*, 89 Wn. App. 9, 14, 964 P.2d 359 (1997); RCW 26.09.270. "'[A]dequate cause' means, at a minimum, evidence 'sufficient to support a finding on each fact that the movant must prove in order to modify.'" *In re Custody of S.M.*, 9 Wn. App. 2d 325, 333-34, 444 P.3d 637 (2019) (internal quotation marks omitted) (quoting *In re Custody of E.A.T.W.*, 168 Wn.2d 335, 347, 227 P.3d 1284 (2010)). To make this threshold showing, the party seeking modification of a parenting plan "shall submit together with [their] motion, an affidavit setting forth facts supporting the requested order or modification." RCW 26.09.270.

We review a trial court's decision on whether a petitioner has shown adequate cause for major modification for abuse of discretion. *In re Parentage of Jannot*, 149 Wn.2d 123, 126, 65 P.3d 664 (2003). "'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.'" *In re Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997))

Newsom assigns error to the trial court's determination that he failed to show adequate cause for a full hearing on modification. He avers that the ruling is erroneous because it is improperly based on a threshold requirement of substantial change in the circumstances of the child or nonmoving party rather than that of the movant and it concluded that the fact that D had become sufficiently mature to express his opinion under RCW 26.09.187(3)(a)(vi) is not, in and of itself, a substantial change in circumstances that meets the threshold requirement for adequate cause.

I.      Change in Circumstance of Child or Other Parent

Newsom first argues the trial court erred when it ruled under RCW 26.09.260(1), which requires a substantial change in the circumstances of the child or nonmoving party rather than the movant. He claims this amounts to unequal treatment and unequal protection for movant parents who have made changes in their own circumstances but cannot move for major modification based on those changes. Additionally, Newsom asserts that RCW 26.09.260(1) violates both equal protection and the right to due process under both the federal and state

constitutions because, "[t]o say that only mother and not father [sic] can bring a [p]etition for [m]ajor [m]odification because they are not [p]rimary [c]aregvier [sic] is unequal treatment and unconstitutional."

Although Newsom cites well-established constitutional interests in parenting, he fails to provide any argument as to how the statutory requirements for a major modification of a parenting plan violate the right to parent, equal protection, or due process. Newsom's bald assertions that the statute violates various constitutional rights do not present the "considered arguments" necessary to raise constitutional issues to this court. *See City of Tacoma v. Price*, 137 Wn. App. 187, 200, 152 P.3d 357 (2007). "'[N]aked castings into the constitutional seas are not sufficient to command judicial consideration and discussion.'" *Id*. at 201 (alteration in original) (internal quotation marks omitted) (quoting *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992)).

Moreover, RCW 26.09.260(1) does not provide for unequal treatment of mothers and fathers. Rather, the statute explicitly refers to "parent," "nonmoving party," and "moving party." *See* RCW 26.09.260. The court's reliance on the mandatory requirements of RCW 26.09.260(1) was not an abuse of discretion.

II.    Consideration of Child's Input and Preference

Newsom next argues that the trial court erred when it failed to consider the fact that D had reached sufficient maturity to be able to express his preference as a substantial change in circumstance to satisfy the adequate cause requirement for major modification of a parenting plan. In support of this contention, Newsom cites to RCW 26.09.187 which provides the criteria for establishing permanent

parenting plans and directs the court to consider the "wishes of a child who is sufficiently mature to express reasoned and independent preferences as to [their] residential schedule."  RCW 26.09.187(3)(a)(vi).

In his declarations in the trial court, Newsom asserted that D had expressed that he prefers public school to homeschooling, wants to play football, and wishes to live with him.  Newsom also submitted declarations from two friends, Robinson and Poland, to confirm D's purported preferences.  However, as the court noted during the adequate cause hearing, these statements are hearsay.  *See* ER 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").  "Hearsay evidence in affidavits is inadmissible and may not be considered by the court."  *In re Marriage of Morrison*, 26 Wn. App. 571, 575 n.2, 613 P.2d 557 (1980).

Newsom had the burden to submit "evidence 'sufficient to support a finding on each fact that the movant must prove in order to modify.'"  *See S.M.*, 9 Wn. App. 2d at 333-34 (internal quotation marks omitted) (quoting *E.A.T.W.*, 168 Wn.2d at 347); RCW 26.09.270.  Because the statements about D's preferences were inadmissible, they necessarily could not establish adequate cause.  Therefore, regardless of whether the fact that D had matured to a point where he could express his preferences constituted a change in circumstance for purposes of a modification, Newsom failed to provide admissible evidence of that preference.

The trial court did not abuse its discretion when it determined that Newsom failed to show adequate cause to modify the parenting plan.[4]

III.    Attorney Fees and Costs on Appeal

Finally, Newsom requests an award of attorney fees and costs pursuant to RCW 26.09.140 and RAP 18.1.  RCW 26.09.140 allows the court, including on appeal, to "order a party to pay a reasonable amount" of attorney fees and costs "after considering the financial resources of both parties."  "A party relying on RCW 26.09.140 'must make a showing of need and of the other's ability to pay fees in order to prevail.'"  *In re Marriage of Hoseth*, 115 Wn. App. 563, 575, 63 P.3d 164 (2003) (quoting *Kirshenbaum v. Kirshenbaum*, 84 Wn. App. 798, 808, 929 P.2d 1204 (1997)).  Although Newsom asserts that he is indigent, he has not provided any evidence of Rey's financial resources and ability to pay.  Without this information, we cannot award fees under RCW 26.09.140.  More critically, Newsom fails to establish any error by the trial court and, accordingly, does not prevail on appeal.

Affirmed.

WE CONCUR:

---

[4] Newsom separately argues that any claims that his major modification should be denied because the RCW 26.09.191 findings in the 2019 parenting plan are incorrect and inconsistent with case law.  However, as Rey did not submit a response brief on appeal, no such argument has been made, and we decline to consider that issue.